FILED
Samuel L. Kay, Clerk
United States Bankruptcy Court
Augusta, Georgia
By smartin at 11:40 am, Sep 28, 2009

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA

Statesboro Division

| | | |
|---|---|---|
| IN RE:<br>LEON DALTON LANGLEY<br>VERA IRENE LANGLEY<br><br>Debtors<br>_____<br>O. BYRON MEREDITH, III<br>Chapter 13 Trustee<br><br>Movant<br><br>vs.<br><br>LEON DALTON LANGLEY<br>VERA IRENE LANGLEY<br><br>Debtors<br><br>and<br><br>BRENDA SUE THURSBY<br><br>Respondent | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CHAPTER 13 CASE<br>NUMBER <u>05-61279</u> |

## **ORDER OF DISMISSAL**

This matter is before me on the Trustee's Motion to Increase Payments or, in the Alternative, to Dismiss and the response. Because both Debtors are now deceased, the Motion is granted and the case is dismissed.

The response establishes that Debtor Leon Dalton Langley is deceased. Mr. Langley was preceded in death by joint Debtor Vera Irene Langley; a suggestion of death as to Mrs. Langley was

AO
(Rev. 8/.

filed on July 25, 2007. The Langleys' sole heir is a daughter, Brenda Sue Thursby, who lives on the family homeplace and expects to inherit the property subject to creditor claims under applicable Georgia law. However, Ms. Thursby wants to circumvent state law by first seeking appointment in probate court as the legal representative of her parents' decedent estates; and then either converting this case to a case under chapter 7 and seeking a discharge or, in the alternative, requesting that I allow the case to proceed under chapter 13 to discharge.

Upon the death of the debtor in a chapter 13 case, "the case may be dismissed; or if further administration is possible and in the best interest of the parties, the case may proceed and be concluded in the same manner, so far as possible, as though the death . . . had not occurred." F.R.B.P. 1016.

Here, further administration of the case is not "in the best interest of the parties." The Debtors are deceased and thus cannot benefit; and unsecured creditors would not benefit under either of the scenarios Ms. Thursby proposes. On the one hand, conversion of the case followed by a discharge would end payments to unsecured creditors altogether. On the other hand, if payments were to continue under the confirmed chapter 13 plan, unsecured creditors would receive a dividend of only 10% or a pro rata share of $3,125.16. (Chapter 13 Plan and Motion - Amended, 3/3/2006, Dkt. #17.) I decline to speculate whether creditors'

claims may be better satisfied from the assets of the Debtors' decedent estates, but I note that Georgia probate law provides for payment of such claims. See O.C.G.A. §§ 53-4-63, 53-7-40.

While allowing the case to proceed may be in the best interest of the Debtors' daughter, she is not a party in this case. Moreover, because the purpose of a bankruptcy proceeding is to give debtors a fresh start, and because there can be no fresh start for the Debtors here, no purpose would be served by allowing the case to proceed. See In re Hancock, 2009 WL 2461167, at *3 (Bankr. N.D. Okla. 2009) (holding that conversion of a deceased Debtor's case solely to allow an heir to acquire assets free of creditors' claims would be inequitable to creditors and contrary to bankruptcy policy).

A bankruptcy proceeding is not a substitute for a probate proceeding. It is the probate laws of Georgia that govern administration of the Debtors' assets now, and probate court is where those assets should be administered.

The Trustee's Motion to Dismiss is therefore **ORDERED GRANTED**. This case is **DISMISSED**.

JOHN S. DALIS
United States Bankruptcy Judge

Dated at Brunswick, Georgia,
this 21 day of September, 2009.